JOURNAL ENTRY AND OPINION
Third party defendant-appellant Christopher J. Mallin has filed this accelerated appeal, pursuant to App.R. 11.1 and Loc.App.R. 11.1, from the order of the trial court granting defendant-third party plaintiff-appellee Gary Koryta's Civ.R. 60(B) motion. For the following reasons, we vacate the judgment of the trial court dated August 21, 1998. Pursuant to App.R. 11.1(E), this court will render a brief and conclusionary decision.
After a bench trial of the underlying case, Koryta obtained a judgment against Mallin in the amount of $16,231.12. This court affirmed the award of compensatory damages in Admr. of Veterans Affairs v. Koryta (Dec. 12, 1991), Cuyahoga App. No. 58616, unreported.
Koryta's judgment against Mallin remained unpaid for over five years and, therefore, became dormant pursuant to R.C. 2329.07. On March 12, 1997, Koryta filed a motion to revive judgment. In a journal entry dated April 10, 1997, the trial court granted Koryta's motion to revive judgment. See R.C. 2325.15 et seq.
On March 9, 1998, Mallin filed a motion for relief from judgment. The trial court granted Mallin's Civ.R. 60(B) motion on June 12, 1998, and vacated Koryta's revived judgment lien against Mallin.
On July 28, 1998, the trial court issued notice of a pretrial regarding the third-party claims for revival of judgment of Gary Koryta. The court scheduled the pretrial for August 19, 1998, and stated that failure to appear will result in default or dismissal.
On August 21, 1998, the trial court issued the following journal entry: Pursuant to the Court's order of 7-28-98, the third-party claims of Gary Koryta are dismissed without prejudice. FINAL. This order in effect terminated Koryta's valid judgment against Mallin which, as noted above, had been previously affirmed by this court.
In a nunc pro tunc order filed on September 17, 1998, the trial court vacated the journal entry dated August 21, 1998, and corrected the order as follows: Third Party D[efendant]'s motion to dismiss and vacate revived judgment is granted.
On October 26, 1999, Koryta filed a second motion to revive his judgment against Mallin. The second motion to revive was still pending when Mallin filed the instant appeal with this court.
On December 28, 1999, Koryta filed a Civ.R. 60(B) motion. In his motion, Koryta requested that the trial court vacate the order dismissing his third-party claims (August 21, 1998) and the nunc pro tunc order dismissing and vacating his revived judgment against Mallin (September 17, 1998).
On January 28, 2000, the trial court granted in part Koryta's Civ.R. 60(B) motion. The trial court vacated the order dated August 21, 1998, which dismissed Koryta's third-party claims.[1] Therefrom, on February 28, 2000, Mallin filed a notice of appeal with this court.
 THE TRIAL COURT ERRED IN GRANTING THE THIRD-PARTY PLAINTIFF'S MOTION TO VACATE JUDGMENT RULE 60(B) , WHICH MOTION WAS FILED DECEMBER 28, 1999, AND WHICH ORDER GRANTING SAID MOTION, FROM WHICH ORDER THIS APPEAL IS TAKEN, WAS ENTERED JANUARY 28, 2000, AT VOL. 2424, PAGES 665-667, AND IS ATTACHED HERETO AS APPELLANT'S EXHIBIT A.
In his sole assignment of error, Mallin asserts that the trial court erred in granting Koryta's Civ.R. 60(B) motion and vacating the dismissal order dated August 21, 1998.
We agree that Koryta failed to satisfy the requirements of Civ.R. 60(B).[2] Nevertheless, we must vacate the dismissal order dated August 21, 1998. This dismissal order was a procedural anomaly. The trial court did not have the authority or jurisdiction to dismiss Koryta's valid judgment against Mallin. Therefore, this case must be remanded to the trial court with the underlying judgment reinstated.
We note that although reinstated, Koryta's judgment against Mallin stands unrevived pursuant to the trial court's orders dated June 12, 1998, September 17, 1998, and January 28, 2000. Upon remand, we direct the trial court to entertain Koryta's second motion to revive, filed October 26, 1999, which remained pending at the time of this appeal.
Based upon the foregoing, we vacate the order dated August 21, 1998. This case is remanded for further proceedings consistent with this opinion.
The judgment of the trial court is vacated and remanded for further proceedings consistent with this Journal Entry and Opinion.
Pursuant to App.R. 24, appellant and appellee shall equally share the court costs incurred in connection with this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and ANNE L. KILBANE, J. CONCUR
 ____________________ LEO M. SPELLACY JUDGE
[1] The trial court did not, however, vacate the subsequent nunc pro tunc order which, as corrected, granted Mallin's Civ.R. 60(B) motion to vacate the revival of the subject judgment.
[2] In particular, Koryta's motion failed to identify under which provision of Civ.R. 60(B) he was claiming relief. The failure to identify which ground for relief is applicable is fatal to a Civ.R. 60(B) motion because the second prong of GTE is not satisfied. See In re Tucker (April 20, 2000), Cuyahoga App. No. 76630, unreported. In addition, we note that Koryta's motion was untimely filed on December 21, 1999, over sixteen months after the dismissal order of August 21, 1998.